

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 10, 1939

Hon. F.E. Rightor, Secretary
State Board of Registration
For Professional Engineers
Austin, Texas

Dear Sir:

Opinion No. O-294
Re: Revocation of certificate of registered
engineers for license in obtaining same

Your request for an opinion upon the following question:

"Is the misstatement of facts, as a person showing he graduated in January rather than June, a material matter and justification for the cancellation or revocation of certificate issued to the applicant?"

In your letter you cite that an applicant, who received a certificate of registration as a professional engineer, stated he graduated from the University of Texas in January 1937, whereas in truth and in fact, he did not graduate until June 1937. You advise this statement was made in his sworn application on the application blank furnished to him by you. You further advise that such applicant would not have been granted a license by the Board had the true facts been before it, and you ask that we outline a procedure which the Board should follow in a case of this kind, if it is our conclusion that the certificate should be cancelled.

Section 22 of Article 3271a, in part, reads as follows:

"The Board shall have the power to revoke the certificate of registration of any

Hon. F.E. Rightor, February 10, 1939, Page 2

registrant who is found guilty of:

(a) The practice of any fraud or deceit in obtaining a certificate of registration; * * *

In determing any such charges the Board shall proceed upon sworn information furnished it by any reliable resident of this State; such information shall be in writing and shall be duly verified by the person familiar with the facts therein charged, and three (3) copies of the same shall be filed with the Secretary of the Board. Upon receipt of such information the Board, if it deems the information sufficient to support further action on its part, shall make an order setting the charges therein contained for hearing at a specified time and place, and the Secretary of the Board shall cause a copy of the Board's order and of the information to be served upon the accused at least thirty (30) days before the date appointed in the order for the hearing. The accused may appear in person or by counsel, or both, at the time and place named in the order and make his defense to the same. If the accused fails or refuses to appear, the Board may proceed to hear and determine the charges in his absence. If the accused pleads guilty, or upon a hearing of the charges the Board and a majority of its members shall find them to be true, it may enter an order revoking the certificate of registration of such registered professional engineer. The Board shall have the power, through its Chairman or Secretary, to administer oaths and compel the attendance of witnesses before it as in civil cases in the district court by subpoena issued over the signature of the Secretary and seal of the Board. If the accused desires the evidence to be preserved and shall so inform the Board before the hearing is begun and shall deposit

with the Board such a sum of money as the
Board may deem reasonably necessary for the
employment of a stenographer, then the Board
shall employ such stenographer and when so
employed he shall be the official stenogra-
pher of the Board for the purpose of report-
ing the evidence and proceedings of such
Board.  In proceedings under his section, as
under others, a majority of the Board shall
constitute a quorum.

When the Board has completed such hear-
ing it shall make a record of its findings
and order and shall cause a certified copy
thereof to be forwarded to the accused.

Any person who may feel himself aggriev-
ed by reason of the revocation of his certi-
ficate of registration by the Board, as here-
inabove authorized, shall have the right to
file suit within thirty (30) days after receiv-
ing notice of the Board's order revoking his
certificate of registration, in the district
court of the county of his residence, or of
the county in which the alleged offense relied
upon as grounds for revocation took place, to
annul or vacate the order of the Board revok-
ing the certificate of registration.  Said
suit shall be filed against the Board as de-
fendant, and service of process may be had up-
on its Chairman or Secretary.  The suit shall
be tried as other civil causes, the burden
of proof devolving upon the plaintiff assail-
ing the order of revocation."

Section 23 of Article 3271a of the Revised
Civil Statutes of Texas reads as follows:

"On or after the first day of January,
1939, any person who shall practice, or offer
to practice, the profession of engineering in
this State without being registered or exempt-

ed in accordance with the provisions of this
Act, or any person presenting or attempting
to use as his own the certificate of regis-
tration or the seal of another, or any per-
son who shall give any false or forged evi-
dence of any kind to the Board or to any
member thereof in obtaining a certificate of
registration, or any person who shall violate
any of the provisions of this Act, be fined
not less than One Hundred ($100.00) Dollars
nor more than Five Hundred ($500.00) Dollars,
or be confined in jail for a period of not
exceeding three (3) months, or both. Each
day of such violation shall be a separate of-
fense.

The Board is charged with the duty of
aiding in the enforcement of the provisions
of this Act, and any member of the Board may
present to a prosecuting officer complaints
relating to violations of any of the provi-
sions of this Act; and the Board through its
members, officers, counsel and agents may
assist in the trial of any cases involving
alleged violation of said statutes, subject
to the control of the prosecuting officers.

The Attorney General or his assistants
shall act as legal adviser of the Board and
shall render such legal assistance as may be
necessary in enforcing and making effective
the provisions of this Act; provided that
this shall not relieve the local prosecuting
officers of any of their duties under the
law as such."

You are respectfully advised that it is the
opinion of this department under your statement of facts
and under the authorities quoted above, you would be
justified to institute proceedings outlined in Sections

22 and 23 of Article 3271a above quoted, to revoke the certificate of registration of the registrant because of the practice of fraud or deceit in obtaining the certificate and you would also be justified in filing criminal charges under Section 23 against registrants.

Trusting this answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:ob

APPROVED:

ATTORNEY GENERAL OF TEXAS